THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

---

**ANGELA SOMMERVILLE, MARIAH ANDERSON, HOLLY SPISAK** and **KHAMECIA ROBINSON**, Individually, and on behalf of themselves and all other similarly situated current and former employees,

        Plaintiffs,

v.

**BOJANGLES' RESTAURANTS, INC.,**
a Delaware Corporation, and
**BOJANGLES', INC.,**
a Delaware Corporation,

        Defendants.

NO. 1:17-CV-565

FLSA Opt-In Collective Action
**JURY DEMANDED**

---

# COLLECTIVE ACTION COMPLAINT

---

Plaintiffs, Angela Sommerville, Mariah Anderson, Holly Spisak and Khamecia Robinson, individually, and on behalf of themselves and all other similarly situated current and former employees, bring this collective action against Defendants and allege as follows:

## I.

## INTRODUCTION

1. This lawsuit is brought against Defendants as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid straight time wages, unpaid minimum wages, overtime compensation and other damages owed to Plaintiffs and other similarly situated current and former employees who are members of a class as defined herein and currently or previously employed by Defendants.

1

## II.

## JURISDICTION AND VENUE

2. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiffs Angela Sommerville, Mariah Anderson and Holly Spisak were employed by Defendants in this district at all times relevant to this action, Defendants regularly conducted and continue to conduct business in this district, and have engaged and continue to engage in wrongful conduct alleged herein in this district during all material times in this cause.

## III.

## CLASS DESCRIPTION

4. Plaintiff brings this action on behalf of the following similarly situated persons:

> All current and former hourly-paid Shift Managers (a/k/a Shift Leaders) employed by Defendants in the United States at any time during the applicable limitations period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is a Named Plaintiff or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").[1]

---

[1] Plaintiffs reserve the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

## IV.

## **PARTIES**

5. Defendant Bojangles' Restaurants, Inc., is a Delaware Corporation with its principal executive office located at 9432 Southern Pine Blvd., Charlotte, North Carolina 28273-5553. Bojangles' Restaurants, Inc., is a subsidiary of Defendant Bojangles', Inc. Bojangles' Restaurants, Inc., can be served process through its registered agent: CT Corporation System: 160 Mine Lake Court, Suite 200, Raleigh, North Carolina 27615-6417.

6. Defendant Bojangles', Inc., is a Delaware Corporation with its principal executive office located at 9432 Southern Pine Blvd., Charlotte, North Carolina 28273-5553. Bojangles', Inc., is the parent of Defendant Bojangles' Restaurants, Inc., and other subsidiaries, BJ Restaurant Development, LLC, BJ Georgia, LLC, and Bojangles' International, LLC. Bojangles', Inc., can be served process through its registered agent: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

7. Defendants constitute an integrated enterprise because Defendants' related activities (i.e. jointly owning and operating Bojangles' restaurants) performed (either through unified operation or common control) by any person or persons [are] for a common business purpose as that term is defined in the FLSA, 29 U.S.C. § 203(r).

8. Plaintiff Angela Sommerville was a resident of this district and, was employed by Defendants as an hourly-paid Shift Manager (a/k/a Shift Leader) at one of Defendants' restaurants within this district, during the relevant period herein. (Plaintiff Sommerville's Consent to Join this collective action is attached hereto as Exhibit A.)

9. Plaintiff Mariah Anderson was a resident of this district and, was employed by Defendants as an hourly-paid Shift Manager (a/k/a Shift Leader) at one of Defendants' restaurants within this district, during the relevant period herein. (Plaintiff Anderson's Consent to Join this collective action is attached hereto as Exhibit B.)

10. Plaintiff Holly Spisak was a resident of this district and, was employed by Defendants as an hourly-paid Shift Manager (a/k/a Shift Leader) at one of Defendants' restaurants within this district, during the relevant period herein. (Plaintiff Spisak's Consent to Join this collective action is attached hereto as Exhibit C.)

11. Plaintiff Khemecia Robinson is a resident of Chattanooga, Tennessee and was employed by Defendants as a hourly-paid Shift Manager at two of their Bojangles restaurants located in the Chattanooga, Tennessee area during the relevant period herein. (Plaintiff Robinson's Consent to Join this collective action is attached hereto as Exhibit D.)

## V.

### ALLEGATIONS

12. Defendants own, operate and franchise Bojangles restaurants. Upon information and belief, Defendants operated "company owned" Bojangles restaurants in several states across the United States, including Tennessee, Alabama, Maryland, Georgia, South Carolina and North Carolina, during all times relevant to this Collective Action Complaint..

13. The primary function of Defendants' Bojangles restaurants is to prepare and sell food and beverage items to its customers.

14. Defendants are and/or have been the "employer" of the Plaintiffs and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times relevant to this Collective Action Complaint.

15. Plaintiffs and all other similarly situated persons are current or former hourly-paid Shift Managers (a/k/a Shift Leaders) of Defendants' Bojangles restaurants.

16. Defendants employed Plaintiffs and those similarly situated and was responsible for establishing and administering pay policies and practices, including pay classifications and overtime pay rates, during all times relevant to this Collective Action Complaint.

17. Defendants have had a centralized plan, policy and practice (scheme) of establishing and administering pay practices for its employees classified as hourly-paid Shift Managers (a/k/a Shift Leaders).

18. Plaintiffs and those similarly situated are or have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA and, worked for Defendants within the territory of the Unites States within three (3) years preceding the filing of this lawsuit and, during all times material to this Collective Action Complaint.

19. Defendants have been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 during all times material to this Collective Action Complaint.

20. At all times material to this action, Defendants have been subject to the pay requirements of the FLSA because they are an enterprise in interstate commerce and their employees are engaged in interstate commerce.

21. Defendants' Bojangles' restaurants employ individuals classified as hourly-paid Shift Managers (a/k/a Shift Leaders) whose primary duties are to assist management members and prepare and serve food and beverage items to Bojangles' customers.

22. Defendants have had a centralized plan, policy and practice (scheme) of strictly enforcing restricted hours of compensable work per day and per week ("budgeted labor") by providing special and favorable recognition to restaurant managers to stay within or below such "budgeted labor" on the one hand and, threatening and impacting the job security of those managers who failed to stay within such "budgeted labor" on the other hand, even though such budgeted labor was/is inadequate to meet the operational demands and needs of its restaurants which "budgeted labor," in turn, forced managers to expect, encourage, entice, condone, induce, permit and/or require Plaintiffs and those similarly situated to perform unpaid "off the clock" work, as described herein.

23. At all times material to this action, Defendants have had a centralized plan, policy and practice (scheme) of working Plaintiffs and similarly situated class members "off the clock" to stay within its "budgeted labor" matrixes. Accordingly, Plaintiff's' and Class Members' claims are unified by a common ("off the clock" claims) theory of Defendants' FLSA statutory violations.

24. Defendants have and continue to employ a uniform electronic time keeping system for tracking and reporting employee hours worked at each of its restaurants.

25. At all times relevant to this action and, pursuant to Defendants' centralized, unified and uniform "budgeted labor" plans, policies and practices, Defendants have expected, encouraged, induced, condoned, required and, suffered and permitted, Plaintiffs and others similarly situated to perform work "off the clock" without compensating them at

the applicable FLSA minimum wage rates of pay and overtime compensation, including for the following "off the clock" work:

(a) Expecting, encouraging, inducing, condoning, requiring and, suffering and permitting, Plaintiffs and others similarly situated to perform job duties "off the clock" <u>before</u> clocking-in to their scheduled shifts;

(b) Expecting, encouraging, inducing, condoning, requiring and, suffering and permitting, Plaintiffs and others similarly situated to perform job duties (including the processing and submitting of "end-of-day" reports) "off the clock" <u>after</u> clocking-out of their scheduled shifts;

(c) Expecting, encouraging, inducing, condoning, requiring and, suffering and permitting, Plaintiffs and others similarly situated to conduct and receive job-related training "off the clock";

(d) Expecting, encouraging, inducing, condoning, requiring and, suffering and permitting, Plaintiffs and others similarly situated to attend mandatory meetings "off the clock";

(e) Expecting, encouraging, inducing, condoning, requiring and, suffering and permitting, Plaintiffs and others similarly situated <u>to pick up and deliver</u> restaurant-related food, supplies, bank documents, etc. while "off the clock"; and,

(f) Expecting, encouraging, inducing, condoning, requiring and, suffering and permitting, Plaintiffs and others similarly situated to <u>receive and handle</u> emails, text messages, internet searches and other such communications from and to management members, employees and customers while "of the clock."

26. As a result of such uncompensated "off the clock" work time, Plaintiff and others similarly situated are entitled to and, seek to recover, from Defendants at least the applicable FLSA minimum wage rate of pay for all such unpaid "off the clock" hours and, also, for any applicable overtime hours at one and one-half times their regular hourly rate of pay for all hours in excess of 40 within weekly pay periods during all relevant times to this action, as required by the Fair Labor Standards Act.

27. Defendants' timekeeping records do not reflect the aforementioned "off the clock" hours of Plaintiffs and others similarly situated.

28. As a consequence of Defendants' timekeeping records not reflecting actual hours worked, when the unpaid "off the clock" work time is added to their recorded time, Plaintiffs and other members of the class who have worked in excess of forty (40) hours per week, within weekly pay periods during all times relevant, are entitled to overtime compensation at one and one-half times their regular hourly rate of pay for all hours in excess of 40 within said weekly pay periods, as required by the FLSA.

29. The net effect of Defendants' aforementioned plan, policy and practice of expecting, encouraging, inducing, condoning, requiring and, suffering and permitting, Plaintiffs and others similarly situated to work "off the clock" without being compensated for such work is that Defendants willfully failed to pay Plaintiffs and other members of the class for all straight time work, minimum wages, and premium pay for overtime work in order to save payroll costs and payroll taxes.

30. As a consequence, Defendants have violated the FLSA and, thereby have enjoyed ill-gained profits at the expense of Plaintiffs and others similarly situated.

31. Plaintiffs and others similarly situated are entitled and, hereby seek, to recover back pay, liquidated damages, attorneys' fees, interest, and other cost, fees and expenses from Defendants for all such unpaid "off the clock" work, that is available under the Fair Labor Standards Act

32. Although at this stage Plaintiffs are unable to state the exact amount owed to him and other members of the class, they believe such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VI.

### COLLECTIVE ACTION ALLEGATIONS

33. Plaintiffs brings this action on behalf of themselves and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

34. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

35. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiffs at this time and, can only be ascertained through applicable discovery, Plaintiffs believe there are at least hundreds of individuals in the class.

36. The claims of Plaintiffs are typical of the claims of the class. Plaintiffs and the other members of the class work or have worked for Defendants' Bojangles restaurants and were subject to the same operational, compensation and timekeeping policies and practices, including not being paid for all the aforementioned "off the clock" hours worked at the applicable FLSA minimum wage and overtime rates of pay. As a result, the claims of Plaintiffs and Class Members are unified by a common theory ("off-the-clock" claims) of Defendants' FLSA statutory violations.

37. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Plaintiffs and other members of the class were expected, encouraged, induced and/or required to perform work without compensation;

- Whether Defendants condoned and/or, suffered and permitted, Plaintiffs and other members of the class to perform work without compensation;

- Whether Defendants failed to pay Plaintiffs and other members of the class all applicable straight time wages for all hours worked;

- Whether Defendants failed to pay Plaintiffs and the other members of the class the applicable minimum wage for all work performed;

- Whether Defendants' failed to pay Plaintiffs and other members of the class all overtime compensation due them for all hours worked in excess of forty (40) hours per week within weekly pay period during all times relevant;

- The correct statutes of limitations for the claims of Plaintiffs and other members of the class;

- Whether Plaintiffs and other members of the class are entitled to damages, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendants are liable for interest, attorneys' interest, fees, and costs.

38. Plaintiffs will fairly and adequately protect the interests of the class as their interests are aligned with those of the other members of the class. Plaintiffs have no interests adverse to the class and, Plaintiffs have retained competent counsel who are experienced in collective action litigation.

39. Collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

40. Plaintiffs and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by Defendants.

**COUNT I**

**FLSA VIOLATIONS – UNPAID STRAIGHT WAGES**
**(On Behalf of the Class)**

41. Plaintiffs, on behalf of themselves and the class, repeat and re-allege Paragraphs 1 thru 36 above, as if they were fully set forth herein.

42. At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

43. At all relevant times, Defendants have employed (and/or continue to employ) Plaintiffs and each of the other members of the class within the meaning of the FLSA.

44. At all times relevant and based on the aforementioned allegations, Defendants have had a uniform plan, policy and practice of willfully failing to pay Plaintiffs and other members of the class for all hours worked (including the aforementioned unpaid "off the clock" work time), at the applicable FLSA minimum wage and overtime rates of pay.

45. Defendants' uniform plan, policy and practice of willfully failing to pay Plaintiffs and members of the class at least the required minimum wage rate of $7.25 an hour and, one and one-half times their regular hourly rate of pay for all hours in excess of forty (40) within weekly pay periods during all times relevant, have violated the FLSA.

46. Plaintiffs' and class members' unpaid "off the clock" claims are unified by a common theory of Defendants' FLSA violations.

47. At all times relevant, Defendants have had actual and/or constructive knowledge of willfully refusing to pay Plaintiffs and other members of the class for all hours worked (including the aforementioned unpaid "off the clock" work time), at least at the applicable FLSA minimum wage and overtime rates of pay.

48. As a result of Defendants' willful failure to compensate Plaintiffs and other members of the class the applicable federal minimum wages for all hours worked (including the aforementioned "off the clock" work time), they have violated and continue to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*

49. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

50. Due to Defendants' willful FLSA violations, Plaintiffs and the other members of the class are entitled and, hereby seek, to recover from Defendants compensation for unpaid wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## COUNT II

## FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME
**(On Behalf of the Class)**

51. Plaintiffs, on behalf of themselves and other members of the class, repeat and re-allege Paragraphs 1 through 46 above as if they were set forth herein.

52. At all times relevant herein, Defendants have been and continue to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

53. At all times relevant herein, Defendants have employed (and/or continue to employ) Plaintiffs and each of the other members of the class within the meaning of the FLSA.

54. At all times relevant herein, Defendants have had a uniform plan, policy and practice of willfully failing to pay Plaintiffs and other members of the class appropriate overtime compensation for all of their hours worked and, for their aforementioned unpaid "off the clock" time, in excess of forty hours per week within applicable weekly pay periods.

55. During all times relevant, Defendants' uniform plan, policy and practice of willfully failing to pay Plaintiffs and members of the class at least the required minimum wage rate of $7.25 an hour and, one and one-half times their regular hourly rate of pay for the aforementioned unpaid "off the clock" work time in excess of forty (40) within applicable weekly pay periods, result in their claims being unified though a common theory of FLSA violations.

56. At all times relevant herein, Defendants have had actual and/or constructive knowledge of willfully refusing to pay Plaintiffs and other members of the class for all hours worked (including the aforementioned unpaid "off the clock" work time.)

57. As a result of Defendants' willful failure to compensate Plaintiffs and other members of the class at the applicable federal minimum wage for all hours worked and, for the aforementioned unpaid "off the clock" work time, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week, within applicable weekly pay periods, it has violated and (continues to violate) the FLSA, 29 U.S.C. § 255(a).

58. Due to Defendants' willful FLSA violations, as described above, Plaintiff and the other members of the class are entitled and, hereby seek, to recover from Defendants compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

# COUNT III

## FAIR LABOR STANDARDS ACT VIOLATIONS – MINIMUM WAGE
### (On Behalf of the Class)

59. Plaintiffs, on behalf of themselves and other members of the class, repeat and re-allege Paragraphs 1 through 54 above as if they were fully set forth herein.

60. At all times relevant herein, Defendants have been and continue to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 206(a) and 207(a).

61. Pursuant to Defendants' uniform compensation policies, it has failed to pay Plaintiffs and other members of the class the applicable minimum wage rates as required by the FLSA.

62. Because of Defendants' failure to pay Plaintiffs and other members of the class for all hours worked (including the aforementioned unpaid "off the clock" work time), Plaintiffs and other members of the class have not received wages equal to or in excess of the applicable minimum wage as required by the FLSA for all hours worked.

63. At all times relevant, Defendants' uniform plan, policy and practice of willfully failing to pay Plaintiffs and members of the class at least the required minimum wage rate of $7.25 an hour for all hours worked and, for the aforementioned unpaid "off the clock" work, result in Plaintiffs and class members' claims being unified through a common theory of FLSA violations.

64. At all times relevant, Defendants had actual and/or constructive knowledge of willfully refusing to pay Plaintiffs and other members of the class for all hours worked (including the aforementioned unpaid "off the clock" work time.)

65. As a result of Defendants' willful failure to compensate Plaintiffs and other members of the class for at least the applicable minimum wage rate for all hours worked and, for the aforementioned unpaid "off the clock" work time, they have violated and continue to violate the FLSA.

66. Plaintiffs and the other members of the class are therefore entitled, and hereby seek, to recover compensation from Defendants for unpaid minimum wages at an hourly rate required by the FLSA, plus applicable overtime compensation and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees for the three-year statutory period under the FLSA.

## **PRAYER FOR RELIEF**

Whereas, Plaintiffs, individually, and/or on behalf of themselves and all other similarly situated members of the class, request this Court to grant the following relief against Defendants:

A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(a), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. On Count I, an award of compensation for unpaid wages to Plaintiffs and other members of the class;

C. On Count II, an award of compensation for unpaid overtime wages to Plaintiffs and the other members of the class at the applicable FLSA overtime rate of pay.

D. On Count III, an award of compensation for unpaid minimum wages to Plaintiffs and other members of the class at the applicable minimum wage rate as required by the FLSA;

E. On Counts I, II and III an award of liquidated damages to Plaintiffs and other members of the class;

F. On Counts I, II and III an award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiffs and other members of the class;

G. On Counts I, II and III an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiffs and other members of the class;

H. On Counts I, II and III a ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

I. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **trial by jury** on all issues so triable.

Dated: June 21, 2017

Respectfully Submitted,

**STRIANESE HUCKERT, LLP**

/s Tamara L. Huckert
Christopher R. Strianese, NC Bar No. 46918
Tamara Huckert, NC Bar No. 35348
chris@strilaw.com
tamara@strilaw.com
401 North Tryon Street, 10th Floor
Charlotte, North Carolina 28202
Tel. 704-998-2577
Fax. 704-998-5301

17

Gordon E. Jackson* (TN BPR #08323)
James L. Holt, Jr.* (TN BPR #12123)
J. Russ Bryant* (TN BPR #33830)
Paula R. Jackson* (TN BPR #20149)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee  38018
Tel:  (901) 754-8001
Fax:  (901) 759-1745
*gjackson@jsyc.com*
*jholt@jsyc.com*
*rbryant@jsyc.com*
*pjackson@jsyc.com*

*Pro Hac Vice Admission Anticipated*

*Attorneys for Named Plaintiffs, on behalf of herself and all other similarly situated current and former employees*