IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ANGELA SOMMERVILLE, MARIAH ANDERSON, HOLLY SPISAK and KHAMECIA ROBINSON, individually and on behalf of themselves and all other similarly situated current and former employees,<br><br>        Plaintiffs,<br><br>  v.<br><br>BOJANGLES' RESTAURANTS, INC., a Delaware Corporation, and BOJANGLES', INC., a Delaware Corporation,<br><br>        Defendants. | 1:17-CV-565 |

**ORDER ON JOINT MOTION
TO APPROVE SETTLEMENT AGREEMENT**

This matter is before the court on the joint motion of Plaintiffs Angela Sommerville, Holly Spisak and Khamecia Robinson[1] and Defendants Bojangles' Restaurants, Inc. and Bojangles' Inc. (collectively, the "Parties"), for an Order approving the Parties' settlement agreement resolving the captioned action (Doc. 38), as supplemented by the notice and affidavit of counsel (Doc. 39; Doc. 39-1). In the action, Plaintiffs assert claims for alleged unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA" or the "Act"). The Parties have reached a settlement of

---

[1] Plaintiff Mariah Anderson has voluntarily dismissed her claims in the case. (Doc. 30.)

those claims, and they have reduced their claims to writing in a settlement agreement (the "Agreement") that they have submitted to the court for its review.[2]

To approve a settlement, the court must determine whether it is a fair and reasonable compromise of disputed claims and issues arising from a bona fide dispute raised pursuant to the FLSA. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982); Taylor v. Progress Energy, Inc., 493 F.3d 454, 460 (4th Cir. 2007), superseded on other grounds as recognized by Whiting v. The Johns Hopkins Hosp., 416 F. App'x 312, 316 (4th Cir. 2011); 29 U.S.C. § 216.

Under the FLSA, "there is a judicial prohibition against the unsupervised waiver or settlement of claims." Taylor, 493 F.3d at 460 (citing D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 114-16 (1946)). "[E]mployees cannot waive their right to . . . wages [under the FLSA] unless such a settlement is overseen by the Department of Labor or approved for fairness and reasonableness by a district court." Boone v. City of Suffolk, 79 F. Supp. 2d 603, 605 n.2 (E.D. Va. 1999) (citing Lynn's Food Stores, 679 F.2d at

---

[2] The Fourth Circuit has not yet decided whether settlements of FLSA disputes must be approved by the district court. In light of a split of authority on the issue, however, and out of an abundance of caution, the Parties have submitted their Agreement to the court for its review and approval. See Duprey v. Scotts Co. LLC, 30 F. Supp. 3d 404, 407 n. 2 (D. Md. 2014) (surveying cases on the issue whether court approval of a settlement of an FLSA claim is required).

2

1355).  Thus, courts must determine that an FLSA settlement between an employee and an employer represents a "fair and reasonable resolution of a bona fide dispute over FLSA provisions" before approving the settlement.  Hargrove v. Ryla Teleservices, Inc., No. 2:11cv344, 2013 WL 1897027, at *2 (E.D. Va. Apr. 12, 2013) (quoting Lynn's Food Stores, 679 F.2d at 1355).

Although the Fourth Circuit has not directly addressed the relevant factors the court should consider when determining whether a FLSA collective action settlement is fair and reasonable, district courts within the circuit have generally considered the fairness factors a court would consider under Federal Rule of Civil Procedure 23(e).  See Hoffman v. First Student, Inc., Civ. No. WDQ-06-1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010).  For example, one court has cited the following factors for consideration:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits and (6) the amount of the settlement in relation to the potential recovery.

Hargrove, 2013 WL 1897027, at *2 (citing Lomascolo v. Parson Brinckerhoff, Inc., No. 1:08-cv-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009)).  "There is a 'strong presumption in favor of

3

finding a settlement fair' that must be kept in mind in considering the various factors to be reviewed in making the determination of whether a settlement is fair, adequate and reasonable." Lomascolo, 2009 WL 3094955, at *10 (quoting Camp v. Progressive Corp., No. 01-2680, 2004 WL 2149079, at *5 (E.D. La. Sept. 23, 2004)).

Considering the totality of the circumstances, the court finds the Agreement to be fair and reasonable. As the pleadings, other papers of record and factual recitals in the Agreement indicate, the Parties' settlement of their dispute is the result of a *bona fide* compromise of a *bona fide* controversy on a variety of factual and legal issues arising under the FLSA. Plaintiffs have contended that they worked certain hours "off the clock" and were denied overtime compensation. Defendants have denied these contentions. The parties have engaged in limited discovery, including having taken depositions of the named Plaintiffs, and provided information relevant to their claims and defenses. Throughout the litigation, the Parties have each been represented by counsel with substantial experience in handling employment disputes. Plaintiffs' counsel have more than 50 years' experience with wage and hour claims. (Doc. 39-1 a 1.)

The proposed settlement appears to be the product of arms-length bargaining between experienced Plaintiffs' counsel and experienced Defendants' counsel, who have independently evaluated

4

the likelihood of prevailing on their claims and defenses. Defendants contend, and Plaintiffs do not dispute, that Plaintiff Khamecia Robinson's deposition, along with Defendants' records, establish that she could not have worked overtime. (Doc. 38-1 at 3; Doc. 39-1 at 2.) Plaintiff Holly Spisak also alleged that she worked no more than four months for Defendants. (Doc. 19-3 at 9.) Thus, any overtime would have been limited. Finally, Plaintiff Angela Sommerville worked for Defendants just over two years, and her settlement is more than twice that of Plaintiff Spisak. Plaintiffs Spisak and Sommerville have agreed that their allocations of settlement amounts are reasonable and urge a swift resolution to the litigation in light of the information learned about how the opt-ins were employed by independent franchisees, and not by Defendants. (Doc. 39-1 at 2.) In light of these facts, the court finds that the Parties' settlement is a *bona fide* resolution of a *bona fide* controversy, free of fraud and collusion and grants final approval to the settlement.[3]

Under the FLSA, the court is authorized to award "a reasonable attorney's fee to be paid by the defendant, and costs of the action," in addition to any judgment awarded to the Plaintiffs.

---

[3] The court also finds that the general release of all claims is reasonable in light of the facts alleged and the Agreement. See Duprey, 30 F. Supp. 3d at 410 (noting that a general release could render a settlement agreement unreasonable if the employee is not compensated reasonably for the FLSA claims).

29 U.S.C. § 216(b); see Poulin v. Gen. Dynamics Shared Res., Inc., No. 3:09-CV-00058, 2010 WL 1813497, at *3-4 (W.D. Va. May 5, 2010) ("[T]he language of the FLSA contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs[]' . . . ." (quoting Maddrix v. Dize, 153 F.2d 274, 275-76 (4th Cir. 1946))). The Fourth Circuit considers twelve factors in judging the reasonableness of an award of attorneys' fees in FLSA cases:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978), superseded on other grounds as recognized in Knapp v. Americredit Fin. Servs., 245 F. Supp. 2d 841, 848 (S.D. W. Va. 2003) and In re Robinson, 368 B.R. 492, 498 (Bankr. E.D. Va. 2007); see also Jackson v. Estelle's Place, LLC, 391 F. App'x 239, 243 (4th Cir. 2010).

Having evaluated these factors applicable here, the court finds the fees to be paid to Plaintiffs' counsel as part of the Agreement to be more than reasonable. Counsel typically charge between $250 and $300 an hour for their services, and they represent they have invested over 100 billable hours in the case. The reduced settlement is a reflection that Plaintiffs have learned in this litigation that the opt-ins never worked for Defendants but instead for independent franchisees. (Doc. 39-1 at 1-2.) This was not learned until counsel had invested considerable time in the litigation, however, and has damped expectations of the named Plaintiffs. Thus, the amount to be paid in attorney fees, $1,000, is nominal, is grossly below any reasonable estimate of work actually invested in the case, and is to be made separate from any payment to be made to any of the Plaintiffs.

WHEREFORE, having reviewed the Parties' Joint Motion to Approve Settlement Agreement, as supplemented,

IT IS ORDERED that the court does hereby APPROVE that Agreement.

The Parties are authorized to consummate their settlement in accordance with the terms of the Agreement. Consistent with the terms of the Agreement, the Plaintiffs are directed to file a motion withdrawing their motion for class certification (Doc. 18),

and the Parties are directed to file a Stipulation of Dismissal with Prejudice in this action.

IT IS SO ORDERED.

/s/   Thomas D. Schroeder
United States District Judge

November 16, 2018